**Z. P. CHAGAS and Ernest May, Appellants,**

v.

**UNITED STATES of America and John J. Berry, Appellees.**

**No. 23547.**

United States Court of Appeals Fifth Circuit.

Dec. 12, 1966.

Ernest May, Fort Worth, Tex., for appellants.

John W. Price, Kenneth J. Mighell, Asst. U. S. Atty., Dallas, Tex., for appellees.

Before BROWN, COLEMAN, and AINSWORTH, Circuit Judges.

PER CURIAM:

This litigation is a by-product of No. 23,346, Chagas v. Berry, this day reversed and remanded for a new trial, 369 F.2d 637. After that Judgment had been appealed, but without supersedeas, Mr. Berry's attorneys gave notice to Mrs. Chagas and her counsel of record, by registered mail, that on a day therein named her deposition would be taken in aid of the judgment. No one appeared.

A motion for contempt was filed the next day. After much skirmishing, the details of which are now of no moment, Mrs. Chagas appeared and her deposition was taken. It was ascertained that subsequent to the entry of the judgment Mrs. Chagas had divested herself of money and land. At the close of the final contempt hearing, the District Court ruled as follows:

> "Practically all of her property, so far as she is willing to reveal, has been transferred as the result of this trial and the judgment. She has handled it very adroitly, very effectively, and manifestly, under the direction of legal advice.

> We think she has acted in contempt of court, and while, * * * we have never felt like holding counsel guilty of contempt until he openly defied the Court, just based upon a chain of circumstances, we think in this case that it is conclusive that she has placed her property in an attitude where the holder of the execution can only save it by bringing suit against outside parties, whereas, if she had faced the facts of the execution that might not have been true.

> She has placed that additional burden upon the plaintiff, that she has entirely prevented him from seizing anything. Now, realizing on his judgment, he must now bring suit in different places.

> We will therefore adjudge her guilty of contempt and assess a fine of $1,000; and further, in view of the fact she was acting on legal advice, assess a fine of $500 against counsel."

█ Rule 30(a), Federal Rules of Civil Procedure provides that a notice to take deposition shall be given to all parties in the suit and proper notice is given by mailing to the party's attorney of record a copy of the notice to take deposition pursuant to the provisions of Rule 5(b), Federal Rules of Civil Procedure. 4 Moore's Federal Practice 2015. The Courts have held that where a Notice to Take Deposition is served upon the party's attorney of record and no mo-

tion for relief is filed on behalf of that party that it must be considered as if the Court had directed the depositions to be taken. Harris v. 20th Century Fox Film Corp., 2 Cir., 1943, 139 F.2d 571. Therefore, Mrs. Chagas and her attorney should have appeared in response to the notice.

█ Even so, the Judgment holding Mrs. Chagas in contempt and assessing a fine must be reversed and remanded. The first motion for contempt charged her only with a failure to appear on the date originally named. The second motion, filed a month later, charged other failures to appear pursuant to court order and, as an incident thereto, charged that in the meantime she had disposed of her property. In other words, the contempt charged was the failure or failures to appear and give her deposition. She was held in contempt and fined because she had transferred her property—an entirely different charge. Pretermitting any decision as to whether a transfer of property after judgment can constitute contempt of court, we reverse and remand because Mrs. Chagas was held in contempt for conduct on which she had not been charged.

We must point out, also, that while this proceeding apparently began as a civil contempt it is by no means clear that it did not conclude as a criminal contempt, cf. Clark v. Boynton, 5 Cir., 1966, 362 F.2d 992.

The Judgment of contempt and fine assessed against counsel must be reversed and the appellant discharged. Even if what Mrs. Chagas did could constitute contempt of court there is no evidence in the record that counsel was implicated in it. Moreover, it appears that any charge against him had been abandoned before the Court, *sua sponte,* found him in contempt and fined him.

As to the appellant Chagas, the Judgment of the District Court is reversed and remanded for further proceedings not inconsistent with this opinion.

As to her counsel, the Judgment is reversed with directions that he be discharged.