The **FIRST NATIONAL BANK OF WASHINGTON**

v.

**LANGLEY–HOWARD, INC., Appellant.**

No. 16633.

United States Court of Appeals Third Circuit.

Argued Dec. 18, 1967.

Decided March 11, 1968.

Michael Stabile, Jr., McArdle & McLaughlin, Pittsburgh, Pa. (James E. McLaughlin, Pittsburgh, Pa., on the brief), for appellant.

John L. Laubach, Jr., Kenney, Stevens, Clark & Semple, Pittsburgh, Pa., for appellee.

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

The court below, handing down no opinion, on April 3, 1967, filed the following order: "And now, this 3rd day of April, 1967, upon consideration of plaintiff's motions for remedies against defendant for failure to produce its president and majority stockholder for deposition, and for summary judgment, and of briefs in support thereof and in opposition thereto, and of the papers of record on file, after argument, and the Court being of opinion that plaintiff is entitled to payment of $411.50 by reason of said failure of defendant's president to appear for deposition; and the Court further being of opinion that judgment by default should be entered against defendant and defendant's answer stricken by virtue of Rule 37(d) F.R.Civ.P.; and the Court being further of opinion that there is no genuine issue as to any

material fact and that plaintiff is entitled to judgment on the merits as a matter of law, IT IS ORDERED that judgment be and the same hereby is entered against defendant Langley-Howard, Inc. and in favor of plaintiff The First National Bank of Washington in the amount of one hundred thousand dollars ($100,000.-00) together with costs and interest from August 20, 1963; and it is further ordered that judgment in addition be and the same hereby is entered in behalf of the same plaintiff and against the same defendant in the amount of $411.50; and it is further ordered that judgment by default against the same defendant be entered on behalf of the same plaintiff; and it is further ordered that defendant's answer heretofore filed on October 18, 1965, be and the same hereby is stricken."

 An examination of the record discloses that the president and majority stockholder of the defendant, Langley-Howard, Inc. did appear and was examined on deposition, albeit after some delay, and therefore we conclude that a default judgment on this ground under Rule 37(d), Fed.R.Civ.Proc., 28 U.S.C., cannot be sustained. However, the judgment of $411.50 for costs in taking the deposition should be permitted to stand.

As a further ground for its order the court below determined there was no genuine issue as to any material fact. Rule 56. In view of the deposition of Mr. Howard we cannot agree for the reasons which follow. A question of fact is presented as to whether the letter of January 10, 1963 from Langley-Howard, Inc. to the Bank embraces the whole of the obligation of Langley-Howard, Inc. on its "put" obligation or whether the letters of December 31, 1962 and January 8, 1963, from Langley-Howard, Inc. to The Onego Corporation, requiring as a condition of the purchase of the Pipe Line stock that there be no substantial change in its "assets, corporate structure or business", should be integrated with the letter of January 10 to determine Langley-Howard, Inc.'s obligation. A further question of fact is presented as

to when the Bank actually made its loan commitment. Depending on the resolution of the above questions, another question of fact may be presented, viz., whether or not there was a material change in the condition of the Georgia Pipe Line Corporation to relieve Langley-Howard, Inc. from the performance of its obligation. The case at bar is one which is not suitable for determination under Rule 56.

Accordingly, the judgment of the court below will be reversed save that portion thereof which imposes costs of $411.50 upon Langley-Howard, Inc. The case will be remanded to the end that a trial of the issues referred to may be had.