**GFI COMPUTER INDUSTRIES, INC.,**
Plaintiff-Appellee,

v.

**Errol D. FRY et al., Defendants-Appellants.**

No. 72–2269.

United States Court of Appeals,
Fifth Circuit.

March 16, 1973.

As Modified on Denial of Rehearing
June 11, 1973.

Jay M. Vogelson, Carl Generes, Dallas, Tex., for defendants-appellants.

Ray Besing, Gerald P. Urbach, Dallas, Tex., for plaintiff-appellee.

Carl Abramson, Dallas, Tex., for other interested parties.

Before JONES, GODBOLD and INGRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

Appellant Fry was sued by GFI, a corporation of which he had been an officer and director. A default judgment on liability was entered against him by the court, and a jury then assessed dam-

ages of $471,803. We reverse and remand.

Fry was a resident of Dallas, Texas, from the filing of suit in December 1970 until around April 1971, when he removed to Spanish Wells, a small island in the Bahamas some 1500 miles distant from Dallas, the situs of the lawsuit.

The default judgment on liability was predicated upon Fry's failure to comply with an order of court entered April 12, 1972, directing him, (1) to appear at the trial of the case in Dallas five days thereafter, (2) to remain for the balance of the trial or until excused by the court, (3) to submit himself as a witness in the case, and (4) to produce all documents previously requested by plaintiff in a request filed under Rule 34, Fed.R.Civ.P. The case must be reversed and remanded because the trial judge, who had just taken over the case from another judge, predicated the April 12 order upon an erroneous impression that defendant had failed to discharge the obligations placed upon him by the plaintiff's discovery efforts.

Plaintiff had pursued three routes to discover from Fry—the taking of his deposition under Rule 26, interrogatories under Rule 33, and a request for production of documents under Rule 34. On March 2, 1972, plaintiff filed notice [1] that it would take Fry's deposition on March 3, and that Fry produce documents at the time and place of taking; which was the offices of plaintiff's counsel in Dallas. In fact the deposition was never taken, but the responsibility cannot be charged to Fry. Anticipating that Fry would object, plaintiff contemporaneously filed a motion to expedite the disposition of any objections. Fry promptly filed a request for a protective order, and on March 6 the judge originally handling the case granted a protective order requiring that the deposition be taken and the documents produced by Fry at his place of residence, Spanish Wells, Bahamas, with each party to bear his own expenses, and also ordered the deposition be given forthwith. After abortive negotiations in which plaintiff attempted to have the place of taking

[1]. Apparently, earlier served on Fry's counsel on February 28.

moved by agreement to a more convenient place, plaintiff elected to forego the expense and trouble of a deposition in the Bahamas and to employ interrogatories instead.

Plaintiff served interrogatories on March 15, pursuant to Rule 33. Under that rule Fry was not required to answer until April 14, four days after trial of the case was scheduled to commence. No order was ever entered shortening the time for answer to less than 30 days, as permitted by Rule 33. On April 4 plaintiff moved that Fry be compelled to answer by April 6. The record does not disclose that the court ever acted on the motion; nevertheless, on April 6 Fry's answers were filed.

Meanwhile, on March 13, in spite of the earlier protective order requiring that production by Fry of his records should only take place in the Bahamas, plaintiff filed a Rule 34 request that Fry produce his records in Dallas on March 30 for inspection, examination and copying. Fry did not produce on March 30. The protective order previously granted in response to plaintiff's Rule 26 discovery was not necessarily dispositive of whether Fry would be required to produce in Dallas under Rule 34, but it was at least persuasive authority that defendant was not required to bring his records 1500 miles to Dallas (and at a date before expiration of the time allowed him for filing objections). Obviously, his first objection would have been that the court already had judicially determined that he was protected against having to produce his records at any place except at his residence in the Bahamas, and that no change in circumstances had been shown other than plaintiff's election to forego the expense and trouble of journeying to the Caribbean.

Plaintiff's remedy for incomplete or otherwise objectionable answers to interrogatories, and for failure to produce pursuant to a Rule 34 request, was to file a motion under Rule 37(a) for an order requiring defendant to answer and to produce documents for inspection. If such an order were issued and defendant failed to comply, the court could then invoke sanctions under Rule 37(b). On April 10, the date on which the trial was set, plaintiff had no viable Rule 37(a) motion before the court. As we have pointed out, plaintiff had filed a Rule 37(a) motion on April 4, asking that defendant's time for answering interrogatories be shortened and that defendant be directed to file his answers on or before April 6. That motion is not shown by the record ever to have been acted upon, nevertheless defendant filed answers on April 6. The motion, directed to time of filing and not made the subject of an order requiring defendant to answer, could not serve to put defendant in default at a subsequent time based on alleged insufficiency of his answers as filed. When the case was called defendant did not appear. A jury was selected, impaneled and sworn, and court was recessed to April 12.

On April 11 plaintiff filed a motion, overleaping 37(a) and asking instead for application of 37(b) sanctions.[2]

When court convened on April 12, after a colloquy with counsel and testimony from Fry's counsel, the court referred to Fry's "failure to comply with discovery," and announced that Fry must "make himself available and be here with his documents" on April 17 or a default judgment would be entered against him. Later that day the court entered a formal order finding that Fry had wilfully refused to comply with discovery obligations with respect to both answers to interrogatories and production of documents, had wilfully evaded giving evidence, had failed to appear for trial, and was beyond the reach of process of the court. The order directed that default judgment be entered unless Fry complied with the four conditions set out above in the third paragraph of this opinion.

Plaintiff began putting on its case, and testimony was taken on that day and the two days following.

2. The request was for a default judgment, or that Fry be barred from defending against plaintiff's claim, or barred from introducing evidence, or that his pleadings be stricken.

Fry did not appear on April 17, nor were his documents produced. His counsel moved the court to reconsider the April 12 order on the ground, *inter alia*, that no law or rule required a civil defendant to be present at trial. In response the court stated that absent default in discovery by Fry it could not require his presence, but that Fry was in default of his obligations on April 12, and the order that he appear and produce documents and testify in the case was a concession permitting him to cure his default rather than a penalty. The court denied defendant's motion, entered the default judgment on liability, the plaintiff then put on its evidence of damages, and the jury returned a verdict in the amount of $471,803.

It is clear that there was a breakdown in discovery which the judge newly on the scene feared would jeopardize the trial. But the breakdown was not the fault of Fry alone. As we have pointed out, plaintiff had voluntarily abandoned the taking of Fry's deposition and production of documents in the Bahamas when the court's protective order was unsatisfactory to plaintiff, had secured no order shortening the time for answering interrogatories, had then sought to avoid the impact of the protective order by seeking production of documents in Dallas under a different rule, had failed to protect its position by pursuing a remedy until after the commencement of trial and at a time when defendant's allowable time of 30 days had not expired, and then by proceeding directly

for sanctions and not for an order requiring defendant to answer and to produce. Additionally, it must be noted that before the pretrial, held on February 12, Fry had availed himself of some discovery, but GFI of none. Around the time of pretrial both sides employed additional trial counsel. Though the trial date set at pretrial was less than 60 days away, plaintiff waited at least two weeks to February 28 (and possibly to March 2) to even begin to move on discovery.

██ Plaintiff claims that there were extra-judicial agreements between counsel with which defendant did not comply. However, in material respects the testimony of counsel on this matter is in conflict. Additionally, the court made no finding regarding agreements of counsel or even indicated that he based his conclusions on failure to honor extra-judicial agreements. The impression conveyed by the record is that, during plaintiff's last minute scramble to effectuate discovery, defendant's counsel, in the normal and informal manner often employed by lawyers in like circumstances, made an effort to cooperate with plaintiff's counsel rather than to stand on strict compliance with the rules, but that Fry was uncooperative, and even overbearing, with his own counsel. Short of enforceable agreements between counsel and authorized orders of the court compelling Fry to depart from the Rules, he was not in default for standing on the Rules or for taking a hardnosed position.[3] He was

---

3. Not all was recalcitrance from Fry's side of the table. In February, and again in April, defendant entered into stipulations with plaintiff covering numerous facts and the authentication of nearly 200 documents.

An argument can be constructed that Fry was in default on April 11 or 12. It goes as follows: that he had not properly answered the interrogatories, that by answering in less than 30 days he had waived his right to later file objections within the 30-day period, that the court treated the April 11 motion and the April 12 hearing as though under Rule 37(a), and that the April 12 order was an order requiring compliance by Fry but in a form different than giving additional answers to interrogatories. Even if the proceedings are so regarded, we are unable to say that the judge would have issued his order of April 12 on the sole basis of insufficient answers to interrogatories, because at all times he coupled the duty to answer them and the duty to produce documents, and with respect to the latter Fry was not in default on April 12.

not required to make smooth the pathway of an adversary who had waited until late in the day to discover—from a defendant residing 1500 miles away and in another country—matters which the adversary considered essential to its case.[4]

■ This Circuit permits the drastic sanction of dismissal or judgment by default only in extreme situations where there is a clear record of contumacious conduct. Durham v. Florida East Coast Ry. Co., 385 F.2d 366 (5th Cir. 1967); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968). The April 12 order, issued under an erroneous view of the facts, should not be the predicate for the extreme sanction imposed in this instance.

■ The order of April 12 was incorrect for a second reason as well. As appellant points out and as the trial judge recognized, the court had no power to force a civil defendant outside its subpoena jurisdiction to appear personally at the trial and there submit to examination, not to speak of remaining personally present throughout trial unless excused. The theory that the court was only benefitting Fry by ordering him to do what he could not otherwise be required to do, as a condition to avoiding a default judgment to be imposed for his earlier defaults, falls with the determination that the court's basis for entering the order in the first instance was a misapprehension of the relative responsibilities of the parties for the breakdown in discovery.

The case must be, and it is, reversed and remanded.

---

4. Also to be noted is that on April 6, GFI filed a motion for continuance of the trial, on two grounds. One was that Fry had failed to answer interrogatories, and that the answers were highly material since it was "impractical to depose Fry in the Bahamas." As previously pointed out Fry's answers were filed that same day, April 6. The other ground was that plaintiff's chief witness was ill, could not appear at trial, and plaintiff had not taken his deposition either. On April 10, when the case was called for trial, this motion for continuance was denied.