**In re WAIKIKI HOBRON ASSOCIATES, a limited partnership, Debtor.**

**WAIKIKI HOBRON ASSOCIATES, Plaintiff,**

**v.**

**INVESTMENT MORTGAGE INCORPORATION, a California corporation, Defendant.**

**Bankruptcy No. 79–0206(1).**

United States Bankruptcy Court, D. Hawaii.

Dec. 17, 1979.

R. Charles Bocken, Diane D. Hastert, Honolulu, Hawaii, for debtor.

Edward J. Bybee, Rother & Bybee, Honolulu, Hawaii, for defendant.

## ORDER

JOHN J. CHINEN, Bankruptcy Judge.

This Order deals with two motions: the Motion for Further Rulings Respecting Sanctions filed by Waikiki Hobron Associates, hereafter "WHA", and the Motion for

Reconsideration of Ruling re Motion for Sanctions and Motion to Compel filed by Investment Mortgage Incorporated, hereafter "IMI". A hearing was held on both Motions on November 29, 1979. Based upon arguments of counsel and the records and memoranda filed herein, the Court makes the following Findings of Facts and Conclusions of Law:

## FINDINGS OF FACT

On August 16, 1979, counsel for WHA served Interrogatories and Request for Production of Documents upon counsel of record for IMI. Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the answers to the Interrogatories were due on September 15, 1979. No answers to said Interrogatories were served upon WHA as of November 26, 1979. There was no objection to said Interrogatories lodged by IMI.

On August 16, 1979, counsel for WHA also served notice to take depositions upon oral examination of Messrs. J. William Oldenburg and Vernon Watters of IMI. The notice stated that the depositions were scheduled to take place on September 24 and 25, 1979, at Honolulu, Hawaii. However, counsel for IMI informed counsel for WHA that Messrs. Oldenburg and Watters would refuse to appear for the depositions in Honolulu, Hawaii, on September 24 and 25, 1979.

Thereafter, counsel for WHA noticed said depositions for a period of time specifically stipulated to be acceptable to Messrs. Oldenburg and Watters in San Francisco, California on September 18 and 19, 1979. WHA and IMI agreed that the stipulation had the effect of a subpoena. At the same time, WHA made arrangements for depositions of additional witnesses for the afternoon of September 19, 1979 in San Francisco, California.

Certain documents were produced by IMI at 10:00 a. m. on Monday, September 17. However, the following documents were missing and were not produced as of November 26, 1979: cancelled checks, credit card billings, telephone bills, desk calendars, diaries and any other documents demonstrating and reflecting travel to or communication with Hawaii during the relevant time period.

Both Messrs. Oldenburg and Watters failed to appear at their scheduled depositions. No protective order had been sought on behalf of either Mr. Watters or Mr. Oldenburg.

Because of the previously established schedule, counsel for WHA was forced to remain in San Francisco to take the depositions of Mr. Boswell and Mr. Rossetti late on Wednesday afternoon.

The only reasons given for the failure of Messrs. Oldenburg and Watters to appear at their deposition was that they had a business commitment in Chicago, which they thought was more important than the deposition. Later, counsel for WHA was assured that Messrs. Oldenburg and Watters would appear in Honolulu, Hawaii, at their own expense on September 24, 1979.

Based on the assurance from counsel for IMI, WHA had a court reporter standing by to take the depositions of Messrs. Watters and Oldenburg on September 24, 1979, at Honolulu, Hawaii. However, neither Mr. Oldenburg nor Mr. Watters appeared as promised.

Mr. Watters appeared for his deposition in Honolulu on September 25, 1979 at 3:00 p. m., which deposition was continued through to September 26, 1979. Mr. Oldenburg did not appear at all for his deposition.

Another assurance was given by counsel for IMI that Mr. Oldenburg would appear for deposition on October 10 and 11, 1979. However, Mr. Oldenburg failed to appear on said dates. As a result thereof, WHA filed on October 30, 1979, a Motion for Sanctions.

A hearing was held on November 8, 1979 on WHA's motion, at which time the Court rendered a partial decision, assessing certain costs against IMI and reserving ruling on the balance of the Motion, pending completion of Mr. Oldenburg's deposition scheduled the following week in Honolulu, Hawaii, and also the filing of IMI's answers to the Interrogatories. At the hearing on No-

vember 8, 1979, the Court directed counsel for IMI to inform Mr. Oldenburg that he was to appear in Honolulu on November 15 for his deposition, and that the answers to the Interrogatories were to be served upon counsel for WHA by November 15, 1979.

Following the oral ruling of this Court on November 9, 1979, Mr. Oldenburg appeared in Honolulu for deposition on November 15, 1979. At that time, in response to the questions posed by counsel for WHA, Mr. Oldenburg explained his failure to appear at the previous depositions.

Mr. Oldenburg stated that he did not appear at the deposition in San Francisco because of an important business meeting in Chicago on the same day as the scheduled deposition. He also stated that, upon his return to San Francisco from Chicago on September 20, he tried to contact his attorney to arrange for his deposition, but learned that all the attorneys had left for Honolulu.

As for the deposition scheduled in Honolulu on September 24 and 25, Mr. Oldenburg stated that he had failed to appear because of poor airplane connection. He stated that he had tried to arrange for his deposition after September 25, but that counsel for WHA had a trip to Washington, D. C., previously scheduled. Thus, no further arrangement was made for a deposition during the month of September, though he was willing to appear at a deposition.

Thereafter, on November 26, 1979, WHA filed its Motion for Further Rulings Respecting Sanctions. WHA contended that the failure to appear at the various scheduled depositions was a willful and intentional disregard of the discovery rules. In addition, WHA contended that all of the documents requested for productions were not produced. WHA requested that the answers of IMI be stricken and that a Default Judgment be entered in favor of WHA.

IMI admits that Messrs. Watters and Oldenburg failed to appear at several depositions, but contends that their failure to appear at their depositions as scheduled was not willful and intentional, but that it was because of unforseen circumstances which necessitated their attending to other pressing matters. As for the deposition scheduled in San Francisco, prior to the departure from Honolulu to San Francisco by counsel for WHA, IMI contends counsel for WHA had been notified that Messrs. Watters and Oldenburg would probably not be able to attend those depositions. However, the facts show that counsel for WHA informed counsel for IMI that the depositions had been scheduled and that, because of the stipulation, she did expect Messrs. Watters and Oldenburg to appear at their depositions.

IMI also contends that the failure of Mr. Oldenburg to appear at Honolulu on September 25, 1979, was the result of poor plane connection, and not because of a deliberate attempt by Mr. Oldenburg to avoid the deposition. IMI contends that Mr. Oldenburg was ready to fly to Hawaii after September 26, but that because counsel for WHA was preparing to leave for Washington, D. C., another deposition during the week of September 26 was not scheduled.

IMI contends that Mr. Oldenburg failed to attend the deposition scheduled for October because of a death in the family.

IMI also contends that Messrs. Watters and Oldenburg cooperated in their depositions and answered all of the questions posed by counsel for WHA. IMI further contends that nearly all of the documents requested for production had been produced and that IMI is trying to locate the other documents for production requested by WHA. IMI requests that no sanction be imposed because the depositions had taken place and that most of the documents had been produced.

## CONCLUSIONS OF LAW

1. Rule 37 of Federal Rules of Civil Procedure is made applicable to an adversary proceedings in the Bankruptcy Court by rule 737 of the Rules of Bankruptcy Procedure.

2. Federal Rules of Civil Procedure, Rule 37(d) entitled, Failure of Party to At-

tend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Production, provides in relevant part that when failure to make discovery occurs,

[T]he Court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), (C) of Subdivision (b)(2) of this rule. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure.

3. In *Moore's Federal Practice*, it is stated:

Rule 37(d) makes it explicit that a party properly served has an absolute duty to respond, that is, to present himself for the taking of his deposition or to serve answers or objections to Interrogatories served upon him, or serve a response to request for discovery under Rule 34 as the case may be, and that the Court in which the action is pending may enforce this duty by imposing sanctions for its violations. 4(A) *Moore's Federal Practice*, ¶ 37.05, at 37–90 (2nd Ed. 1978).

4. A Court order compelling defendant to appear is not a condition precedent to an imposition of sanctions under 37(d).

5. In *Chagas v. United States*, 369 F.2d 643 (5th Cir. 1966), citing *Harris v. 20th Century Fox Film Corporation*, 139 F.2d 571 (2d Cir. 1943), the Court stated,

The Courts have held that where a Notice to Take Deposition is served upon the party's attorney of record and no motion for relief is filed on behalf of that party that it must be considered as if the Court had directed the depositions to be taken. *Id.* at 644.

6. However, the United States Supreme Court has stated that Rule 37 sanctions are limited by the Fifth Amendment. *Societe Internationale, etc. v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

7. In the *Societe Internationale* case, the Court stated:

The provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law, and more particularly against the opinions of this Court in *Hovey v. Elliott*, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215 and *Hammond Packing Company v. State of Arkansas*, 212 U.S. 322, 29 S.Ct. 370, 53 L.Ed. 530. These decisions establish that there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording the party an opportunity for a hearing on the merits of his cause. The authors of Rule 37 were well aware of these constitutional considerations. *See* Notes of Advisory Committee on Rules, Rule 37, 28 U.S.C. (1952 ed. p. 4325). *Id.* at 209, 78 S.Ct. at 1094.

8. In *Vac-Air, Inc. v. John Mohr and Sons, Inc.*, 471 F.2d 231 (7th Cir. 1973), the Court held that Rule 37 sanctions must be applied reasonably in light of the facts and circumstances of each case. In *Vac-Air* case, the Court stated,

In *Sapiro v. Hartford Fire Insurance Co.*, 452 F.2d 215, 216 (7th Cir. 1971), decided after the district court acted in the present case, we pointed out, quoting from other authorities, that the extreme sanction of the dismissal must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited, and that where an alternative, less drastic, sanction would be just as effective, it should be utilized. *Id.* at 234.

9. In *Fox v. Studebaker Worthington, Inc.*, 516 F.2d 989 (8th Cir. 1974), the Court stated,

The provisions of Rule 37(d) with regard to interrogatories do not apply when the failure to comply is anything less than a total failure to respond. 8 *Wright & Miller*, Civil Practice and Procedure § 2291, at 809 (1970); 4(A) *Moore's Federal Practice* § 37.05, at 37–103, 106 (2nd Ed. 1974). If a response is made, but some questions not answered or are eva-

sive or incomplete, a motion under Rule 37(a) to compel answers is proper remedy. *Id. See GFI Industries v. Fry,* 476 F.2d 1, 3 (5th Cir. 1973). Similarly, a Rule 37(d) sanction is improper where a written response to a request to inspect documents is made but is not satisfactory. 8 *Wright & Miller* at 810. Similar rules apply to the discovery by deposition. *See First Nat'l Bank of Washington v. Langley-Howard, Inc.,* 391 F.2d 207, 208 (3d Cir. 1968). In other words, Rule 37(d) sanctions are proper only where there has been a complete or nearly total failure of discovery. *See* Notes on Advisory Committee on Rules, Rule 37, 28 U.S.C.A. (1975 Supp.) page 53. *Id.* at 995.

■ 10. In the instant case, counsel for WHA had noticed counsel for IMI that depositions of Messrs. Watters and Oldenburg were scheduled for September 24 and 25, 1979 in Honolulu, Hawaii. Counsel for IMI informed counsel for WHA that Messrs. Watters and Oldenburg refused to be in Honolulu at the designated time. Consequently, counsel for WHA and counsel for IMI entered into a stipulation for depositions in San Francisco, California. Counsel for WHA did appear for depositions of Messrs. Watters and Oldenburg in San Francisco at the scheduled time. However, Messrs. Watters and Oldenburg did not appear, but instead left for Chicago. They stated that the business in Chicago was much more important than the depositions. Prior to the departure from San Francisco for Honolulu, counsel for IMI assured counsel for WHA that Messrs. Watters and Oldenburg will appear in Honolulu at their own expense on September 25 and 26. But again at the appointed time both Messrs. Watters and Oldenburg did not appear. Mr. Watters appeared a day late, but Mr. Oldenburg did not appear at all. And also Mr. Oldenburg did not appear for another deposition scheduled for October 11 and 12. Up to the time of the filing of the Motion for Sanction, answers for Interrogatories were not delivered by IMI to WHA. It was only after a hearing on the Motion and upon the direction of the Court that IMI answered the Interrogatories and delivered a copy of the Answers to counsel for WHA. And it was only after that hearing that Mr. Oldenburg appeared for his deposition.

This Court finds that Messrs. Watters and Oldenburg failed to follow the rules as set forth in the Civil Rules of Procedure and the Bankruptcy Rules. They had failed to answer the Interrogatories within the period provided for by the Rules of Civil Procedure. They had failed to appear for depositions as scheduled, although given proper notice and even after they had entered into a stipulation which they agreed had the effect of a subpoena.

With reference to the depositions scheduled in San Francisco for September 16 and 17, the Court finds that the reasons given by Messrs. Watters and Oldenburg for failure to appear are unsatisfactory. Thus, the sanctions previously imposed concerning the depositions in San Francisco are hereby reaffirmed.

With reference to the depositions scheduled in Honolulu for September 25 and 26, Mr. Watters did appear for deposition although he was a day late, but Mr. Oldenburg did not appear. Mr. Oldenburg said he tried to arrange another deposition after September 26, but that because counsel for WHA was scheduled to leave for Washington, D. C., no further arrangement was made for his deposition in September. The Court finds that counsel for WHA and Messrs. Oldenburg and Watters are busy individuals and that they were not able to select an ideal time for the depositions. However, since counsel for WHA had been assured that both Messrs. Watters and Oldenburg would appear in Honolulu on a certain day and because counsel for WHA had prepared for such deposition, the Court hereby awards WHA all costs which were incurred as a result of preparation for deposition on September 25, 1979, including costs for requesting a court reporter to stand by.

As for the third deposition that had been scheduled in October, because Mr. Oldenburg's mother had passed away, the Court finds that Mr. Oldenburg's failure to appear

for that deposition is excusable. However, if WHA had not been properly notified that Mr. Oldenburg would not appear and if WHA had incurred expenses as a result of preparation for that deposition, IMI is required to reimburse WHA for all such expenses.

The answers to the Interrogatories were delivered far beyond the time required under the rules. Likewise, the documents were not produced as required under the rules. In fact, some of the documents still have not been produced for inspection by WHA. This, the Court finds inexcusable.

IMI has had more than sufficient time to either produce those documents or to give valid reasons why those documents are not available. At his deposition in Honolulu, Mr. Oldenburg assured counsel for WHA that he would file an affidavit immediately after the deposition concerning those missing documents. However, to date, no affidavit has been filed.

For the foregoing reasons, except for the depositions scheduled in October, the Court hereby awards WHA all of the expenses incurred for the other depositions in which Messrs. Oldenburg and Watters failed to appear, including attorney's fees. In addition, this Court awards WHA all expenses, including attorney's fees, in connection with the Motion for Sanctions and Motion for Further Rulings Respecting Sanctions, including the preparation of all memoranda submitted to the Court. The Court hereby directs WHA to submit the total amount requested for approval by this Court.

The Court finds that the facts herein do not justify the striking of IMI's answers and an Order of Default. However, the Court is imposing the following sanctions:

1. IMI will pay to WHA all expenses in connection with the depositions scheduled but not held as abovementioned, together with all expenses in connection with the preparation and hearing on the Motion for Sanctions and Motion for Further Rulings Respecting Sanctions.

2. IMI will not be permitted to offer into evidence or to offer testimony concern-

ing any document which has been requested by WHA but not produced.