Armand D. CERAMI, Plaintiff,

v.

Sinclair S. ROBINSON and First General Properties, Inc., Defendants.

No. 78 Civ. 2299 (LFM).

United States District Court, S. D. New York.

Feb. 20, 1980.

Michael E. Cannata, New York City, for judgment debtor.

Lian & Geringer, New York City, for plaintiff.

## OPINION

MacMAHON, District Judge.

Defendant Robinson moves to dissolve our order, dated January 15, 1980, holding him in contempt for repeated failure to provide discovery in aid of plaintiff's judgment. Plaintiff cross-moves for costs.

Defendant first contends that the original notice of deposition following the entry of judgment was improper because it was served on his attorney rather than on defendant and thus failed to comply with the New York state practice. But we do not think that state practice governs the method of service here.

Rule 69(a), Fed.R.Civ.P., provides that "[i]n aid of the judgment . . . the judgment creditor . . . may obtain discovery from . . . the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." This portion of the rule, applicable specifically to post-judgment discovery, thus allows a choice of federal procedure. Under the federal rules, service of the notice of a deposition upon a party's attorney is sufficient. Rules 30(b), 5(a), 5(b), Fed.R.Civ.P. There is no dispute that defendant was represented at the time of service by the law firm served, because he had retained that firm to move for a new trial.

Defendant contends that the original notice of deposition was improper because it left blank the date of the deposition. See Rule 30(b)(1), Fed.R.Civ.P. But the notice was accompanied by a letter asking defendant to specify a date, and defendant ignored the letter. Moreover, defendant waived any irregularity in the notice by failing to object in timely fashion. Cf. Peitzman v. City of Illmo, 141 F.2d 956, 961 (8th Cir. 1944), cert. denied, 323 U.S. 718, 65 S.Ct. 47, 89 L.Ed. 577 (1944). Under these circumstances, we hold that the failure to specify a date in the notice did not excuse defendant's failure to attend the deposition or otherwise respond to the notice.

Defendant next contends that service of the notice of contempt upon his attorney was improper under New York practice. See Rule 69(a), Fed.R.Civ.P. But where state rules of practice and procedure do not specify the method of service in supplementary proceedings, the federal

rules govern. *Rumsey v. George E. Failing Co.*, 333 F.2d 960 (10th Cir. 1964). Though New York CPLR § 5210 gives state courts the power to punish a contempt committed with respect to an enforcement procedure, neither that provision nor any other provision of the Civil Practice Law and Rules specifies the method of service in contempt proceedings in aid of discovery after judgment. Therefore, the federal rules govern, and under those rules and our local rules, service upon an attorney retained after judgment is sufficient. See Rules 37, 5(b), Fed.R.Civ.P.; Civil Rule 14(a), Rules of the United States District Courts for the Southern and Eastern Districts of New York.

Defendant next contends that the attorneys retained by him after trial have since sued him for attorneys' fees and moved to be relieved as attorneys of record. The apparent gist of this contention is that when they were served they were no longer his agents to receive service. But both the lawsuit and the motion were commenced after the inception of these contempt proceedings and after service of the original notice of deposition. Thus, the agency relationship still existed when service was made.

Defendant's former counsel asserted in their motion to be relieved that they conscientiously attempted to inform defendant of all relevant proceedings and that he made himself unavailable by disconnecting his telephone and refusing to answer letters from them. This assertion is not contradicted, and we have no reason to doubt it. Finally, defendant has retained new counsel and does not assert that he was without counsel at any time relevant here. Under all these circumstances, the deterioration of his relationship with former counsel does not require dissolution of our contempt order.

Defendant next asserts that he has purged himself of contempt by submitting to a three-hour deposition. His testimony was that he was supported totally by his wife, who lives in the Dominican Republic. He refused to answer questions regarding the source of her income or assets. These questions were plainly proper since they might have uncovered fraudulent transfers of assets to her. *See Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561 (S.D. N.Y.1977). The possibility of such a transfer is suggested by defendant's testimony that he recently made a substantial sale of real estate but currently has no assets. Thus, defendant has not purged himself of his contempt until he answers questions as to the source of his wife's income.

Defendant finally contends that his behavior has not been wilful. The above recitation refutes this contention.

Accordingly, defendant's motion to dissolve our contempt order of January 15, 1980 is denied. Defendant is hereby ordered to appear within twenty (20) days at a deposition at a time and place determined by the parties and to answer questions as to the sources of his wife's income and assets to the extent that he has knowledge.

Defendant is hereby ordered to pay the reasonable costs of all the motions required to compel his attendance at the deposition of January 29, 1980.

So ordered.