John W. ARNDT, Relator,

v.

Hon. Anthony J. P. FARRIS,
Judge, Respondent.

No. C–648.

Supreme Court of Texas.

March 10, 1982.

Daniel R. Rutherford, San Antonio, for relator.

Butler, Binion, Rice, Cook & Knapp, Michael A. Pullara and William N. Blanton, III, Houston, for respondent.

McGEE, Justice.

This is an original mandamus proceeding by relator John W. Arndt (Arndt) seeking an order from this Court to compel the Honorable Anthony J. P. Farris, Judge of the 151st Judicial District Court in Harris County, Texas, to vacate an Order Imposing Sanctions against Arndt for his failure to appear for a postjudgment deposition pursuant to Rules 621a and 215a of the Texas Rules of Civil Procedure. The deposition was sought by National Supply Company, a Division of Armco Steel Corporation (National Supply), in aid of the enforcement of a judgment it had obtained against Arndt and others, jointly and severally. National Supply is the real party in interest in this proceeding. We hold that the trial court had jurisdiction to make the Order, but we express no opinion as to the propriety of the sanctions imposed. The writ of mandamus is denied.

This dispute arises out of a judgment rendered May 4, 1981 in the 151st Judicial District Court of Harris County awarding damages to National Supply against Arndt. Arndt has appealed that judgment, without filing a supersedeas bond, to the Court of

Appeals for the Fourteenth Supreme Judicial District. That appeal is pending.

On June 4, 1981, after Arndt's appeal was filed, National Supply filed in the 151st District Court a notice to take Arndt's deposition and a subpoena duces tecum issued pursuant to Rules 200 and 201(3).[1] A copy of this notice was sent to Mr. Daniel Rutherford, who was Arndt's attorney at trial and who is currently representing Arndt in his appeal and in this proceeding. No notice was attempted to be served on Arndt personally. Mr. Rutherford received a copy of the notice on June 8, directing Arndt to appear on June 20 in the office of National Supply's attorney, Mr. W. N. Blanton, III.

Arndt failed to appear for his deposition on June 20 and his nonappearance was certified by the court reporter. National Supply filed a motion for sanctions on June 23, a copy of which was received by Mr. Rutherford on June 25. The hearing on this motion was passed after Mr. Rutherford wrote a letter to Judge Farris stating he would not be available. A second motion for sanctions was filed on July 15 together with a proposed Order Imposing Sanctions and a notice of hearing to be held on August 3. On July 16, Mr. Rutherford received copies of the second motion, an affidavit in support thereof, the proposed order, and notice of hearing.

A hearing on the second motion for sanctions was held on August 3 before Judge Farris, with both Mr. Blanton and Mr. Rutherford present. Arndt did not attend. Pursuant to that hearing, Judge Farris signed the Order Imposing Sanctions before us now. The Order recites that Mr. Rutherford is Arndt's attorney of record; that he had received the notice of deposition on June 8; that neither Arndt nor Mr. Rutherford communicated to Mr. Blanton or the court any objection to the notice of deposition prior to June 20 or that Arndt could

not attend at the designated time or place, and that any objections were thereby waived; that Arndt did not appear for the deposition; and that Arndt had not filed a supersedeas bond in connection with his appeal of the original judgment.

Pursuant to Rules 621a and 215a, the court adjudged Arndt in contempt of court for his failure to appear for the deposition; directed Arndt to pay $500.00 to National Supply's attorney, to cover costs, attorney's fees, and as a fine, no later than August 7, 1981; ordered Arndt to pay an additional $100.00 per day to National Supply's attorney for each day that Arndt failed to pay the original $500.00 after August 7; and ordered Arndt to pay an additional $1000.00 per week to National Supply's attorney for each week, or portion thereof, that Arndt failed to pay the previous amounts after August 14.

The court further ordered, pursuant to Mr. Rutherford's request, that Arndt be confined for a period of 24 hours so that Arndt could obtain review of the Order by way of a writ of habeas corpus. The Order also directs Arndt to appear for a deposition at Mr. Blanton's office on the Saturday following any denial of the writ of habeas corpus. Finally, the order provides Arndt may avoid appearing for the deposition by posting a supersedeas bond in an amount not less than $95,000.00.

Arndt has not paid any of the fines or sanctions imposed by the Order, nor has he appeared for a deposition or posted a supersedeas bond. Although a writ of attachment issued for Arndt's arrest, he was not placed in custody. Arndt did not apply for a writ of habeas corpus, but instead filed this petition for a writ of mandamus.[2]

■ Arndt primarily contends the trial court did not have jurisdiction to enter any order relating to postjudgment discovery

---

1. Unless otherwise indicated, all references to Rules are to the Texas Rules of Civil Procedure.

2. The record does not indicate clearly why the writ of attachment was not executed. Mr. Rutherford stated in oral arguments that, after requesting Judge Farris to order the confine-

ment of his client, he decided Arndt should not seek habeas review and therefore advised Arndt not to tender himself into custody. Accordingly, we will give no further consideration to Arndt's contentions relating to the confinement part of the Order.

under Rule 621a without the filing of a new petition by National Supply and service of citation pursuant thereto on Arndt. He also contends the sanctions imposed by the Order are not authorized under Rules 621a or 215a, and that they are grossly excessive and constitute an abuse of discretion.

Rule 621a became effective on January 1, 1971 and is set out as follows:

Rule 621a. Discovery in Aid of Enforcement of Judgment.

At any time after rendition of judgment, and so long as said judgment has not been suspended by a supersedeas bond or by order of a proper court and has not become dormant as provided by Article 3773, V.A.T.S., the successful party may, for the purpose of obtaining information to aid in the enforcement of such judgment, initiate and maintain in the trial court in the same suit in which said judgment was rendered any discovery proceeding authorized by these rules for pretrial matters, and the rules governing and related to such pretrial discovery proceedings shall apply in like manner to discovery proceedings after judgment. The rights herein granted to the successful party shall inure to a successor or assignee, in whole or in part, of the successful party. Judicial supervision of such discovery proceedings after judgment shall be the same as that provided by law or these rules for pretrial discovery proceedings insofar as applicable.

No cases have addressed the procedures required to "initiate and maintain" discovery proceedings under this rule. Arndt contends Rule 621a requires the filing of a new petition seeking discovery and the issuance and service of a new citation on the judgment debtor. The basis for Arndt's contention is his assertion that, under Rule 329b(d), the trial court loses all jurisdiction over the case once the judgment became final for purposes of appeal. Thus, he argues a new petition and service of citation are required in order for the trial court to "re-gain" jurisdiction and to give the judg-

ment debtor an opportunity to file an answer stating why such discovery should not take place. Arndt cites *Emmons v. Creditor's Financial Services*, 492 S.W.2d 363 (Tex.Civ.App.—Waco 1973, no writ), as describing the proper procedure to be followed under Rule 621a.

The procedure set out in *Emmons* is similar to that required under Rule 737. Prior to the adoption of Rule 621a, Rule 737 was the only method for obtaining discovery outside the traditional pretrial procedures. Rule 621a was adopted as a separate and independent rule applicable only to discovery in aid of enforcement of judgments. *See* 2 McDonald, Texas Civil Practice § 10.02.20 (Supp.1981). Evidently, the creditor in *Emmons* was proceeding under Rule 621a but was using the procedures established under Rule 737. The procedure described in *Emmons* was not part of that court's holding and is not authoritative.

While the trial court's power to vacate, modify, correct, or reform a judgment ceases under Rule 329b(d) thirty days after the judgment is signed, the court's power to enforce its judgment is not so limited. *See* Rule 308. The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments. *Ex parte Gorena*, 595 S.W.2d 841, 844 (Tex.1979). That power is part of the court's jurisdiction, and the court may employ suitable methods to enforce its jurisdiction. *See Hunt Production Co. v. Burrage*, 104 S.W.2d 84, 86 (Tex.Civ.App.—Dallas 1937, writ dism'd). Rule 621a is an aid to the enforcement of the court's judgment, and the trial court has continuing jurisdiction over such matters as set forth in the rule.[3]

Rule 621a does not require a new petition; rather, it provides that "the rules governing and related to ... pretrial discovery proceedings shall apply *in like manner* to discovery proceedings after judgment." (Emphasis added). In this case, National Supply sought to take the deposition of a party and filed an appropriate

---

**3.** Rule 621a authorizes postjudgment discovery proceedings so long as the judgment has not been suspended by a supersedeas bond or court order and has not become dormant.

notice pursuant to Rules 200 and 201(3). We hold that such was sufficient to "initiate and maintain" the discovery proceeding under Rule 621a. *See Chagas v. United States*, 369 F.2d 643 (5th Cir. 1966) (proceeding under Fed.R.Civ.P. 30(a)). The judgment debtor is afforded protection from improper discovery through the procedures set out in Rule 186b.

 Arndt next contends that service of the notice of deposition on his attorney, rather than on Arndt personally, was insufficient to compel his attendance at the deposition. In many cases the attorney at trial will no longer represent the party after the judgment becomes final, either because no appeal was taken or because another attorney is representing the party on appeal. While service on the judgment debtor's former attorney may not be sufficient, we are presented with a different situation. Mr. Rutherford was Arndt's attorney both at trial and on appeal. There is no doubt that Rutherford was Arndt's attorney of record at the time Rutherford received the notice. Rule 10. *See Chagas v. United States, supra; Cerami v. Robinson*, 85 F.R.D. 371 (S.D.N.Y.1980).

 Arndt also contends that the failure to serve him personally with the motion for sanctions renders the Order Imposing Sanctions void. The motion and the proposed Order were served on Arndt's attorney pursuant to Rule 21a. Furthermore, Mr. Rutherford represented to the court at the hearing that Arndt had actual knowledge of the hearing and of the sanctions which could be imposed. Under such circumstances, Arndt's contention has no merit. *See Ex parte Herring*, 438 S.W.2d 801 (Tex.1969).

 We do not reach Arndt's remaining contentions concerning the nature of the sanctions imposed by the Order. While we

are concerned with the assessment of continuing monetary penalties payable to another party, this issue is not properly before us now. Adequate and effective review of discovery sanctions can be obtained by appeal[4] once the sanctions become part of a final judgment.[5]

The writ of mandamus is denied.

---

4. Habeas corpus review of a contempt sanction would also be available if the relator was confined pursuant thereto.

5. An order for sanctions is merely one type of discovery order authorized by Rule 621a. Trial court orders granting or denying particular postjudgment discovery requests are not appealable until a final judgment is rendered dis-

posing of all issues between the parties. *See Parks v. Huffington*, 616 S.W.2d 641 (Tex.Civ. App.—Houston [14th Dist.] 1981, writ ref'd n.r. e.). An order imposing monetary sanctions, however, would be final and appealable when the sanctions are reduced to a judgment and execution is authorized thereon.