**AFFIRMED and Opinion Filed May 27, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-19-00201-CV

**RICHARD RALEY AND RALEY HOLDINGS, LLC, Appellants**
**V.**
**DANIEL K. HAGOOD, P.C. AND FITZPATRICK HAGOOD SMITH &**
**UHL, LLP, Appellees**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-00390-B**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Garcia
Opinion by Justice Garcia

This case involves a sanctions award for post-judgment discovery abuse. In two issues, Richard Raley argues the trial court lacked jurisdiction to enter the sanctions order after the judgment was superseded and there is no legal basis for the award. As discussed below, we conclude the trial court had jurisdiction to sanction Raley for pre-supersedeas post-judgment discovery misconduct on which the court had expressly deferred a ruling. We affirm the trial court's order.

# I. BACKGROUND

The underlying lawsuit resulted from Raley's failure to pay outstanding legal fees owed to Hagood. The dispute was submitted to arbitration and the arbitrator awarded Hagood $376,313.97, plus post-award interest. The court entered a final judgment confirming the award on May 4, 2018. Raley moved to set aside the judgment.

Following the entry of judgment, Hagood filed an application for a turnover order and served Raley with post-judgment written discovery. Hagood also noticed Raley's deposition to occur on May 14 and requested that Raley provide alternative dates if the noticed date was not convenient. Raley's counsel, Matthew Bobo, replied, "after written discovery is answered and if you are not satisfied with our responses or feel you need more information, we can discuss a deposition." Raley then moved to quash the deposition without providing alternate dates.

Raley also attempted to conduct post-judgment discovery by serving production requests and interrogatories on Hagood and a subpoena duces tecum on JAMS, the dispute resolution company that conducted the arbitration. Hagood moved to quash and for a protective order and sanctions, arguing that Raley was not entitled to post-judgment discovery because he was not the prevailing party to whom a judgment was owed.

On May 9, Hagood provided Raley with notice that a June 1 hearing had been set on Hagood's motion to quash Raley's post-judgment discovery, and on Raley's

motion to quash the deposition and Hagood's turnover order. Raley did not move for a continuance. Instead, on May 29, Raley sent a letter to the court requesting that the hearing not occur because of an attorney vacation letter Bobo had on file.

Hagood's counsel appeared for the June 1 hearing, but Bobo was not present. The court concluded that the attorney vacation letter did not comport with the Dallas County Local Rules but declined to proceed on the turnover order because Bobo was not present. Nonetheless, the court granted Haygood's motion to quash Raley's attempted post-judgment discovery, denied Raley's motion to quash the deposition, and ordered that Raley's deposition occur before July 15.[1]

Hagood sent Bobo a letter about deposition dates, and after receiving no response, noticed Raley's deposition for July 13. The notice included a duces tecum. The same day, Raley moved to quash the deposition, but provided no alternate dates. Raley's counsel also responded to all of Hagood's interrogatories and production requests with the same statement: "Defendant has filed a Motion to Set Aside Judgment. If the Motion is denied, Defendant will pay the judgment, rendering this discovery moot."

---

[1] In a prior appeal, this court concluded, among other things, that the trial court did not err by denying Raley post-judgment discovery because Raley was not the prevailing party in the litigation. *Raley v. Daniel K. Hagood, P.C.,* No. 05-18-00914-CV, 2019 WL 5781916, at *2–4 (Tex. App.—Dallas Nov. 6, 2019, pet. denied) (mem. op.).

Hagood filed a motion to compel requesting that the court order Raley to respond to the interrogatories and produce the requested documents. That motion, and various other motions, was set for hearing.

On the day of the hearing, Bobo sent a letter to the court stating he was unable to attend because of a cancelled flight. The judge asked Hagood's counsel to stand by for a telephone hearing while the court tried to reach Bobo. Bobo could not be reached.

The same day, Hagood filed a motion to show cause, arguing that Raley never intended to appear for various hearings or his deposition and did not intend to answer the post-judgment discovery, but instead, was attempting to stall collection of the judgment indefinitely. Hagood asked the court to impose monetary sanctions and to hold Raley in contempt.

In a subsequent hearing, the court repeatedly expressed concern and requested an explanation for Raley ignoring the court order to appear for his deposition. During that hearing, Bobo represented to the court that if the court ruled against Raley on the motion to set aside the judgment, Raley would pay the judgment. Bobo also stated that Raley understood that if the case goes forward then "[h]e's going to be produced for deposition" and "[w]e're going to have to produce documents."

By order dated July 24, the court denied Raley's motion to set aside the judgment and ordered that Raley provide complete responses to written discovery and sit for his deposition within ten business days. When Raley did not pay the

judgment after the court's adverse ruling, Hagood moved for sanctions and an order finding Raley and Bobo in contempt.

Raley did not comply with the court order to respond to discovery. Accordingly, Hagood filed a motion to show cause and for sanctions. The motion argued that sanctions should be imposed because Raley had not answered discovery, had ignored properly noticed hearings, and had defied two court orders. The motion was initially set for hearing on August 17 but was moved to August 21 to accommodate Bobo's schedule.

At the hearing, the court granted the show cause motion and ordered Bobo and Raley to do the following on August 28: (i) appear before the court, (ii) provide Hagood with all documents responsive to the post-judgment discovery requests, and (iii) amend and serve discovery responses. The court further ordered that Raley's deposition would occur "immediately following reporting to the court." The judge specifically postponed her ruling on the sanctions motion, stating that "the Court is withholding ruling on sanctions sought by Plaintiffs to be determined in a later Order."

On August 28, Raley's counsel provided amended discovery responses that generally complied with the court's order but continued to object to certain requests. The court overruled the objections and ordered Raley to supplement his responses. Raley also failed to provide documents responsive to twenty-four requested

categories, including credit card statements, loan and lien documents, and investment documents.

Two days later, Hagood filed a motion to compel, arguing that Raley's August 28 responses were incomplete and were not verified. Hagood requested fees from Bobo and Raley for the cost of filing the motion in addition to sanctions previously requested.

Although he previously informed the court that he did not intend to appeal, Raley filed a notice of appeal on August 7. This court affirmed the trial court's judgment. *Raley*, 2019 WL 5781916, at *4.

On September 19, Raley made a cash deposit in lieu of bond, filed a motion confirming the supersedeas deposit, and requested a stay in enforcement of the judgment pending appeal. The court issued a writ of supersedeas on September 21, 2018.[2]

On October 1, 2018, Hagood filed an amended motion for sanctions, tied to the court's August 21 order deferring the ruling on sanctions and attorney's fees to a later date. The request for sanctions was premised on Raley's and Bobo's post-judgment discovery conduct occurring and brought to the court's attention prior to supersedeas. Specifically, Hagood argued that Raley and Bobo defied three court

---

[2] Raley also made a $50,000 deposit into the court's registry on August 28, 2018.

orders, made false statements in discovery and showed no regard for the court or the judicial process.

The motion also argued that Hagood had incurred $66,700 in attorney's fees in its efforts to collect the judgment between May 4, 2018 and September 26, 2018, and that most of the fees would not have been incurred if Bobo and Raley had not improperly resisted discovery. Hagood attached billing records to substantiate its claim and requested a fees award pursuant to TEX. CIV. PRAC. & REM. CODE ANN. § 31.002[3] and as sanctions.

On October 12, 2018, the court held a hearing on Hagood's motion for sanctions. Bobo orally objected to the court's jurisdiction to award sanctions because supersedeas had issued. When the hearing concluded, the court orally pronounced that it would enter a sanctions order.

Eleven days after the hearing, Raley filed a motion for leave to respond to the sanctions motion. The response did not argue that there was no legal basis for sanctions or attempt to justify Raley and Bobo's conduct. Instead, Raley's response sought to explain certain exhibits the court admitted into evidence at the hearing and to demonstrate the difficulty Raley had finding liquid assets to deposit in the court's registry. A month and a half later, Raley sent a letter to the court seeking

---

[3] TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 provides court aid to a judgment creditor attempting to collect on a judgment and allows the judgment creditor to recover costs and reasonable attorney's fees.

consideration of two additional documents that had never been produced or admitted into evidence. Like the response, the letter did not object to court's oral pronouncement that Raley and Bobo would be sanctioned or the legal basis for such sanctions.

The court signed an order granting the motion and amended motion for sanctions on January 14, 2019, awarding Hagood $25,000, of which $20,000 was to be paid by Raley and $5,000 to be paid by Bobo. The order specified that sanctions were awarded for "bad faith actions," violating rule of civil procedure 13 and Chapter 10 of the civil practice and remedies code by filing "groundless and bad faith discovery responses," violating TEX. R. CIV. P. 215 for improperly resisting discovery and the court's order granting the motion to compel, violating the court's June 1, July 18, and August 21 orders, and for misrepresentations made to the court. Neither Raley nor Bobo objected after the order was entered, and Raley now appeals from that order.[4]

## II. ANALYSIS

Raley's first issue argues the trial court lacked jurisdiction to award sanctions for post-judgment discovery abuse because its plenary power expired on September 6, 2018,[5] and the court's Rule 621a power to enforce the judgment expired when the

---

[4] Bobo is not a party to this appeal.

[5] Thirty days after Raley filed a notice of appeal.

September 21 supersedeas issued. Raley's second issue challenges the legal basis for a sanctions award.

**Jurisdiction**

We begin with Raley's argument concerning the trial court's plenary power. Raley correctly notes that the court's plenary power had expired when the sanctions order was entered in January 2019. But while the trial court's power to vacate, modify, correct, or reform a judgment ceases on the expiration of its plenary power under Texas Rule of Civil Procedure 329b, the court's power to enforce its judgment is not so limited. *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex.1982). Rule 621a is an aid to enforcement of the court's judgment and the trial court has continuing jurisdiction over post-judgment discovery as set forth in the rule. *Id.* Accordingly, the trial court has the power to supervise post-judgment discovery conducted to aid in the enforcement of the judgment. *See* TEX. R. CIV. P 621a; *Raley*, 2019 WL 5781916, at *2. That supervisory power aligns with the rule that a court always has inherent power to enforce its own judgments. *Arndt*, 633 S.W.2d at 500. Thus, while the court could not vacate or modify the judgment once its plenary power expired, it had jurisdiction to oversee the Rule 621a post-judgment discovery. Likewise, the court also retained jurisdiction over post-judgment discovery abuse. *See Faherty v. Knize,* 764 S.W.2d 922, 922–23 (Tex. App.—Waco 1989, no writ) (court lost authority to sanction for pre-judgment discovery abuse after plenary power expired but could sanction for Rule 621a post-judgment discovery abuse).

Raley also argues that after enforcement of the judgment was suspended, the trial court's continuing jurisdiction was limited to the amount and type of security required to continue suspension of the judgment's execution. *See* TEX. R. APP. P. 24.3(a); TEX. R. CIV. P 621(a). Therefore, because the judgment was superseded on September 21, 2018 Raley contends the court had no jurisdiction to enter the January 14, 2019 sanctions order.

Raley's argument is unpersuasive. Courts have awarded post-supersedeas sanctions for similar discovery abuse occurring before enforcement of the judgment was suspended. *See Corey v. Rankin*, No. 14-18-00111-CV, 2019 WL 2589857, at *2–3 (Tex. App.—Houston [14th Dist.] June 25 2019, no pet.) (mem. op.); *Farkas v. Second Congress. Ltd.*, No.03-11-00807-CV, 2014 WL 1691645, at *5–7 (Tex. App.—Austin Apr. 25, 2014) (mem. op.), *judgment withdrawn pursuant to settlement*, No. 03-11-00807-CV, 2015 WL 1967990, at *1 (Tex. App.—Austin Apr. 29, 2015).

For example, in *Farkas*, the court rejected the sanctioned party's argument that the court lacked authority to enter an order compelling discovery and awarding sanctions after supersedeas was filed. *Farkas*, 2014 WL 1691645, at *6–7. The court noted that discovery requests had been pending for several months before supersedeas and the sanctions were directly related to expenses the judgment creditor incurred seeking compliance with those requests. *Id.* Accordingly, the court

concluded that the sanctions award was an appropriate remedy for the pre-supersedeas misconduct. *See id*. at *7.

In *Corey*, the sanctioned parties suspended enforcement of the judgment the day before a scheduled deposition. *Corey*, 2019 2589857, at *1. The judgment creditor moved to compel the deposition and for sanctions. The trial court declined to compel the deposition but awarded attorney's fees as sanctions. *Id*. On appeal, the court concluded that the sanctions award was not an abuse of discretion. *Id.* at *3. In reaching this conclusion, the court noted that the judgment creditor's evidence that the sanctioned parties resisted discovery and delayed in cancelling the deposition was undisputed. Therefore, the trial court could reasonably have concluded that the sanctioned parties were abusing the discovery process and resisting discovery. *Id*.; *see also In re Smith*, 192 S.W.3d 564, 569 (Tex. 2006) (orig. proceeding) (per curiam) (trial court could reasonably have concluded that sanctioned parties were attempting to avoid post-judgment discovery by filing supersedeas).

Moreover, "a sanctions order is tied to the portion of the proceeding in which the sanctionable conduct occurred." *Kenseth v. Dallas Cty.*, 126 S.W.3d 584, 600 (Tex. App.—Dallas 2004, pet. denied). The misconduct here began in May when post-judgment discovery commenced and was ongoing when the judgment was superseded. Raley repeatedly refused to answer properly propounded discovery requests or appear for his deposition, and then disobeyed the court's orders to comply. As a result, Hagood incurred significant unnecessary expense seeking court

–11–

enforcement of the post-judgment discovery to which it was entitled. The court considered Raley's conduct and reserved her ruling before the supersedeas was filed. Moreover, the court did not order anything inconsistent with the suspension of the judgment. Instead, the sanctions were limited to partial reimbursement of fees incurred because of Raley's disregard for and violation of post-judgment discovery obligations arising prior to supersedeas. Under these circumstances, the trial court was authorized to enter the sanctions award. *See Corey,* 2019 2589857, at \*3; *Farkas*, 2014 WL 1691645, at \*7. Raley's first issue is overruled.

**Legal Basis for Sanctions**

Raley also argues that the court had no legal basis for the sanctions under Rule 215, Rule 13, Chapter 10, or its inherent power. As acknowledged during oral argument, however, Raley did not raise this issue in his response to the sanctions motion, or otherwise object to the basis of the award in the court below. Instead, Raley argued only that the trial court lacked jurisdiction to make the award because the judgment had been superseded. Consequently, Raley has failed to preserve any alleged error concerning the basis for sanctions. *See* TEX. R. APP. P. 33.1; *Kiefer v. Continental Airlines, Inc.*, 10 S.W.3d 34, 41 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (party that fails to complain of sanctions imposed and fails to ask trial court to reconsider its actions waives complaint); *Valdez v. Valdez*, 930 S.W.2d 725, 728 (Tex. App.—Houston [1st Dist.] 1996, no writ) (appellant waives objections to sanctions raised for first time on appeal). Raley's second issue is overruled.

### III. CONCLUSION

Having resolved all of Raley's issues against him, we affirm the trial court's order.

/Dennise Garcia/
<u> </u>
DENNISE GARCIA
JUSTICE

190201F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICHARD RALEY AND RALEY HOLDINGS, LLC, Appellants

No. 05-19-00201-CV          V.

DANIEL K. HAGOOD, P.C. AND FITZPATRICK HAGOOD SMITH & UHL, LLP, Appellees

On Appeal from the County Court at Law No. 2, Dallas County, Texas
Trial Court Cause No. CC-17-00390-B.
Opinion delivered by Justice Garcia. Chief Justice Burns and Justice Partida-Kipness participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee DANIEL K. HAGOOD, P.C. AND FITZPATRICK HAGOOD SMITH & UHL, LLP recover its costs of this appeal from appellant RICHARD RALEY AND RALEY HOLDINGS, LLC.

Judgment entered May 27, 2021