**Affirmed and Memorandum Opinion filed June 8, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00599-CV

**THE CITY OF GALVESTON, Appellant**

**V.**

**JOHN JOLLY, Appellee**

**On Appeal from the County Court at Law No. 1**
**Galveston County, Texas**
**Trial Court Cause No. CV-0083661**

## MEMORANDUM OPINION

Appellant the City of Galveston ("the City") appeals the denial of its plea to the jurisdiction. Appellee John Jolly obtained an ex parte temporary restraining order ("TRO") from County Court at Law No. 1 preventing the City from demolishing structures on his property. The City filed a plea to the jurisdiction, which the county court denied. In two issues on appeal, the City argues that: (1) the county court at law lacked subject matter jurisdiction; and (2) the TRO is void because it failed to include a date for a hearing. We affirm.

# I. BACKGROUND[1]

On March 22, 2019, at the conclusion of a bench trial, the municipal court entered an order to have the structures on John Jolly's ("Jolly") property demolished. On March 28, 2019, Jolly obtained an ex parte TRO from county court at law number 1 enjoining the City from demolishing the structures on his property. The City filed an answer and plea to the jurisdiction on March 29, 2019, but before a hearing was held on the plea, Jolly and the City agreed to resubmit the case to the municipal court.[2] The City and Jolly agreed to an extension of the TRO through April 15, 2019, and an order to that effect was signed by the court.[3]

The municipal court, on July 3, 2019, once again entered an order authorizing the demolition of structures on Jolly's property. On July 8, 2019, Jolly again petitioned the county court for a TRO, along with a temporary and permanent injunction. In the petition, Jolly stated that the "property is subject to a suit in the Municipal Court of Galveston under cause no. 001582346 regarding whether the home on the property should have substantial repairs made or be subject to demolition." Jolly represented that he had no notice of the hearing on the issue and had filed a motion for new trial in the municipal court, but he stated that the City "has already started to proceed with demolition of the property." Jolly accordingly requested a TRO and injunctive relief "[i]n order to preserve the status quo during the pendency of this action." The county court granted Jolly's second request for a TRO on July 8, 2019.

The City filed a motion to vacate the July 8, 2019 TRO based on lack of

---

[1] Jolly has not filed a brief in this appeal.

[2] The record before us is unclear, and the City does not specify, as to how or why the case was resubmitted to the municipal court. Based on the City's brief, the City acquiesced in Jolly's motion for new trial.

[3] On April 12, 2019, Jolly also filed a petition for pre-suit depositions, but it is not part of this appeal.

jurisdiction. On July 16, 2019, the City filed an amended motion to vacate the TRO based on lack of jurisdiction. The trial court, on July 26, 2019, denied the City's amended motion to vacate and extended Jolly's TRO until August 1, 2019, or upon further order of the municipal court.

The City appeals the July 8, 2019 and July 26, 2019 orders denying the City's plea to the jurisdiction and enjoining the municipal court's second demolition order issued on July 3, 2019. This appeal was timely filed.

## II. ANALYSIS

The City argues that the county court at law lacked subject matter jurisdiction to enjoin the municipal court's demolition order.

### A. STANDARD OF REVIEW AND APPLICABLE LAW

A trial court must have jurisdiction to adjudicate the subject matter of a cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–28 (Tex. 2004). Whether the trial court possesses jurisdiction is a question of law that we review de novo. *See id*. at 228. If a plea to the jurisdiction challenges the pleadings, the trial court must determine whether the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction. *See id*., at 227. When necessary, we consider relevant evidence submitted by the parties to resolve jurisdictional issues. *See id.*

When a plea to the jurisdiction challenges the existence of jurisdictional facts with supporting evidence, our standard of review mirrors that of a traditional summary judgment: we consider all of the evidence relevant to the jurisdictional issue in the light most favorable to the nonmovant to determine whether a genuine issue of material fact exists. *See Town of Shady Shores v. Swanson*, 590 S.W.3d 544, 550 (Tex. 2019) (citing *Miranda*, 133 S.W.3d at 227–28). "[A] court deciding a plea to the jurisdiction . . . may consider evidence and must do so when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34

S.W.3d 547, 555 (Tex. 2000). A court may consider such evidence as necessary to resolve the dispute over the jurisdictional facts even if the evidence "implicates both the subject matter jurisdiction of the court and the merits of the case." *Miranda*, 133 S.W.3d at 226.

We take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *See id.* If the defendant establishes that the trial court lacks jurisdiction, the plaintiff is then required to show that there is a material fact question about jurisdiction. *Id.* at 227–28. If the evidence raises a fact issue regarding jurisdiction, the plea must be denied pending resolution of the fact issue by the fact finder. *Suarez v. City of Tex. City*, 465 S.W.3d 623, 632 (Tex. 2015) (citing *Miranda*, 133 S.W.3d at 227–28). If, on the other hand, the evidence is undisputed or fails to raise a question of fact, the plea to the jurisdiction must be determined as a matter of law. *Id.* (citing *Miranda*, 133 S.W.3d at 228).

Under Section 214.001 of the Texas Local Government Code, a municipality may order the repair or demolition of a building that is "dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare." Tex. Loc. Gov't Code Ann. § 214.001(a)(1). Section 214.0012 states that an owner aggrieved by an order of a municipality issued under § 214.001 "*may* file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality." *Id.* § 214.0012(a) (emphasis added).

Section 25.0862 provides that:

(a) In addition to the jurisdiction provided by Section 25.0003 and other law, and except as limited by Subsection (b), a statutory county court in Galveston County has:

(1) the jurisdiction provided by the constitution and by general

4

> law for district courts; and
>
> > (2) appellate jurisdiction in all appeals in criminal cases from justice courts and municipal courts in Galveston County.

*Id.* § 25.0862.

## B.    APPLICATION

The City's only complaint on appeal is that the county court lacked subject matter jurisdiction to issue the TROs restraining the municipal court's demolition order. More specifically, the City argues that the "exclusive procedure for challenging orders of the municipal court" is by appeal to the district court. We disagree.

First, we note that the City does not cite, nor can we find, any authority to support the proposition that the exclusive remedy for a party affected by a municipal order is appeal to the district court. Likewise, we find no authority to support the notion that a county court at law lacks jurisdiction to issue a TRO to enjoin a municipal court's demolition order. Section 214.0012 states that a party aggrieved by a municipal court's demolition order "may" file a verified petition in district court to challenge the order's legality. Tex. Loc. Gov't Code Ann. § 214.0012(a). However, nothing in the statute mandates that a direct appeal to the district court is the only remedy available. *See id.* To the contrary, this permissive language suggests that a direct appeal is only one of the remedies available. Further, the statute is silent as to injunctive relief.

Section 25.0862 of the Texas Government Code explicitly states the jurisdiction of the Galveston county courts is concurrent with the district courts. *See* Tex. Gov't Code Ann. § 25.0862. Furthermore, "[a] district court exercising its appellate jurisdiction pursuant to Section 214.0012 does have authority to grant injunctive relief." *City of El Paso v. Caples Land Co., LLC*, 408 S.W.3d 26, 37

5

(Tex. App.—El Paso 2013, pet. denied). Thus, if a district court in Galveston County can issue a TRO, a county court may also issue a TRO. *Id.*; *see* Tex. Gov't Code Ann. § 25.0862.

Additionally, we note that the language of § 214.0012(f) seems to contemplate the issuance of a TRO. It states: "Appeal in the district court shall be limited to a hearing under the substantial evidence rule. The court may reverse or affirm, in whole or in part, or may modify the decision brought up for review." *Id.* § 214.0012(f). The right to judicial review would be meaningless if a building could be demolished, without the possibility of a TRO being issued, before the hearing was ever held. Likewise, the Civil Practice and Remedies Code states that a "writ of injunction may be granted if. . . irreparable injury to real or personal property is threatened, *irrespective of any remedy at law*." Tex. Civ. Prac. & Rem. Code Ann. § 65.011(5) (emphasis added). This further supports the idea that a direct appeal to the district court is not the exclusive remedy.

Lastly, and perhaps most importantly, even though Jolly repeatedly represented below that what he sought was not an appeal, in light of the statements in Jolly's petition, we construe his petition as an attempt to invoke the county court at law's appellate jurisdiction. This includes Jolly's request to prevent the demolition of his property pending the outcome of the appeal. We consider the power to grant such relief among the inherent powers within the county court at law's appellate jurisdiction, for the county court at law may reverse the municipal court's judgment and either remand or dismiss the case. *See* Tex. Gov't Code Ann. § 30.00024(a). Further, "[t]he general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments." *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982). And as set forth above, if the City were to demolish the structures while the appeal was pending in the county court at law, then that court's power to render and enforce a judgment reversing the municipal

6

court's ruling would be meaningless.

Therefore, we conclude that the county court had jurisdiction to issue the TRO to enjoin the July 8, 2019 and July 26, 2019 municipal court orders. We overrule the City's first issue.

In its second issue, the City argues that the TROs issued on July 8, 2019 and July 26, 2019 both failed to set a date for a hearing for a temporary injunction. However, the City makes this argument in a single paragraph without citing any legal authority and without offering any discussion of the relevant statutes. We conclude that this argument is inadequately briefed and therefore we do not consider it. *See* Tex. R. App. P. 38.1(i); *Bruce v. Cauthen*, 515 S.W.3d 495, 512 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) (concluding that an appellate issue was inadequately briefed where the appellant failed to "reference to the Business Organizations Code provisions he cited previously, provide any citations to relevant authorities, or offer any discussion or meaningful analysis to support his premise"); *Lundy v. Masson*, 260 S.W.3d 482, 503 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (concluding that appellant failed to provide argument or cite authority for contention on appeal and stating that appellate court was "not required to do the job of the advocate"); *Howeth Invests., Inc. v. City of Hedwig Village*, 259 S.W.3d 877, 902 (Tex. App.–Houston [1st Dist.] 2008, pet. denied) (concluding that appellant's argument, which consisted of one paragraph with no citation to legal authority, was inadequately briefed).

### III. CONCLUSION

We affirm the county court's orders granting the TROs and denying the City's motions to vacate for lack of jurisdiction.

/s/    Margaret "Meg" Poissant
Justice


Panel consists of Justices Bourliot, Hassan, and Poissant.