# Supreme Court of Texas

No. 24-0053

Debbie Jo Morrison,

*Petitioner*,

v.

Rodney Wayne Morrison,

*Respondent*

On Petition for Review from the
Court of Appeals for the Twelfth District of Texas

**Argued October 7, 2025**

JUSTICE BLAND delivered the opinion of the Court.

The Family Code permits parties to a divorce to return to court to seek enforcement of the decree.[1] A court exceeds its enforcement power, however, if its order "amends, modifies, alters, or changes" the property division in the decree.[2] Such an order is "beyond the power of the divorce

---

[1] Tex. Fam. Code § 9.001(a).

[2] *Id.* § 9.007(b).

court and is unenforceable."[3] In this appeal, we determine whether the trial court properly exercised its jurisdiction to enforce a decree when one spouse failed to maintain property of the community estate. The court of appeals held that the trial court exceeded its jurisdiction because its order improperly modified the decree's property division. The court of appeals vacated the order and dismissed the case for want of jurisdiction.

The line between enforcement and modification of a judicial decree depends in large measure on the relief granted. The Family Code permits relief to redress a violation of the decree, including a recovery of damages from a breaching spouse's assets resulting from breach of the decree.[4] Redividing the property, however, is prohibited.[5] We hold (1) the trial court had jurisdiction to enforce the decree and to award damages caused by breach of the decree; but (2) the trial court erred in reallocating the proceeds from the sale of the marital home to the aggrieved spouse without evidence of the property damages resulting from breach of the decree. Because the trial court had jurisdiction to order enforcement but erred in interpreting the decree and Chapter 9's relevant provisions, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

# I

Rodney and Debbie Morrison divorced in April 2021. Their agreed divorce decree requires the parties to sell community property, including

---

[3] *Id.*

[4] *See id.* § 9.010.

[5] *Id.* § 9.007(a)–(b).

the marital residence and a workshop, and it governs division of the proceeds from those sales. The decree allocates half of the proceeds from the sale of the parties' marital residence to each spouse. The decree also awards Debbie 55.5% of funds recovered from bankruptcy proceedings involving Rodney's company.

The decree requires Rodney and Debbie to deliver designated personal property to an appointed receiver within fourteen days. It further orders Rodney to vacate and deliver possession of the marital home and shop property to an appointed realtor for sale.

In the event that either spouse fails to comply with their delivery obligations, the decree includes a provision requiring that the fair market value of undelivered or damaged property be assessed against the breaching spouse and "accounted for" out of the proceeds from the sale of the marital residence:

> IT IS ORDERED AND DECREED that a failure to deliver property awarded to the other party (or to be delivered to the Realtor or Receiver) timely and in the same condition as the property existed on the date of separation of the parties, shall result in the award of damages (including a redistribution of cash or other assets) and attorney's fees to the other party. If either party is ordered in this Decree to turn over real and/or personal property in his or her possession to the other party, to the Receiver or Real Estate Agent, said property shall be delivered at the specified time and in unharmed and undamaged condition. In the event that either party damages, harms, or destroys any property, or refuses to deliver the property as ordered, the fair market value of the property shall be assessed against that party (normal wear and tear and Act of God, excepted), and that amount shall be awarded to the other party, and accounted for out of the proceeds from the sale of the marital residence.

3

Disputes over implementation of the decree arose. Debbie moved for contempt and enforcement of the decree, alleging that Rodney had damaged the parties' property and had refused to deliver multiple items of personal property to the receiver.

The trial court held several hearings over the next year and a half.[6] During that time, the court's registry received payments totaling $850,434, consisting of proceeds from the sale of the marital home ($449,254.96), the shop ($140,392.68), and personal property ($47,083.58), together with funds received from the bankruptcy proceeding ($213,702.78). The trial court permitted Debbie to withdraw her allocated portion of these funds as the decree provides. The court denied Rodney's motion to withdraw his allocated portion. At the time of the trial court's ruling on Debbie's motion for enforcement, $384,351.71 remained in the court's general registry account and $46,286.38 remained in a receivership account.

The trial court granted Debbie's motion for enforcement. It found thirty-six violations of the decree, including damage to the marital home and the failure to deliver items of personal property to the receiver.[7] The trial court made no findings as to the fair market value of the missing items or the diminution in fair market value of the real property resulting from Rodney's violations. Nevertheless, the trial court awarded Debbie $449,254.96 in damages, an amount equivalent to 100%

---

[6] A mandamus action prolonged the proceedings. *See In re Morrison*, No. 12-22-00001-CV, 2022 WL 598681 (Tex. App.—Tyler Feb. 28, 2022, orig. proceeding). The issues in that case are not before the Court.

[7] It also found that Rodney committed three violations of the order appointing a receiver.

of the proceeds from the sale of the marital home. Debbie also received attorney's fees, court costs, and reimbursement of a portion of the receiver's fees. In total, the trial court awarded Debbie $722,725.33.[8]

In partial satisfaction of its enforcement order, the trial court made $377,713.35 from the court's general registry account payable to Debbie. The court also awarded Debbie the balance of the receivership account and Rodney the personal property he had failed to deliver.

Rodney appealed, arguing that the trial court exceeded its enforcement jurisdiction in redividing assets previously awarded by the decree, including the reallocation of the proceeds of the sale of the home entirely to Debbie.[9] The court of appeals agreed, holding that the trial court impermissibly modified the decree's property division in violation of Family Code Section 9.007 by redividing the proceeds from the sale of the marital home under the guise of enforcement.[10] The court vacated the trial court's order and dismissed the case for lack of jurisdiction.[11] We granted Debbie's petition for review.

---

[8] The trial court additionally ordered the distribution of $6,638.36 from the general registry account to Debbie, representing the remainder owed to her from the bankruptcy excess funds.

[9] 712 S.W.3d 113, 118 (Tex. App.—Tyler 2023).

[10] *Id.* at 124.

[11] *Id.*

5

## II

The primary issue is whether the trial court's enforcement order is void for lack of subject matter jurisdiction.[12] Because Section 9.007 provides that a trial court exceeds its enforcement power when the court redivides property inconsistent with the decree[13] and the order in this case reallocated the proceeds from the sale of the marital home to Debbie, Rodney contends that the order is void. Debbie responds that the divorce decree itself provides that the fair market value of missing or damaged assets may be "accounted for" from the proceeds of the sale of the home and thus the trial court's reallocation of the proceeds entirely to her merely enforces the decree rather than modifies it.

## A

Chapter 9, Subchapter A of the Family Code governs suits to enforce divorce decrees.[14] Section 9.001 permits parties to a divorce decree to "request enforcement of that decree by filing a suit to enforce."[15] The rendering court "retains the power to enforce the property division,"[16] including through Section 9.006 the power to

---

[12] Subject matter jurisdiction "refers to a court's authority to adjudicate a case." *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003) (citing *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000)). We review questions of subject matter jurisdiction de novo. *Tex. Disposal Sys. Landfill, Inc. v. Travis Cent. Appraisal Dist.*, 694 S.W.3d 752, 757 (Tex. 2024).

[13] Tex. Fam. Code § 9.007.

[14] *Id.* §§ 9.001–.014.

[15] *Id.* § 9.001(a).

[16] *Id.* § 9.002.

"render further orders to enforce the division of property."[17] In doing so, the court may award a money judgment for damages resulting from a violation of the decree[18] as well as "reasonable and necessary attorney's fees, court costs, and expenses" associated with obtaining enforcement relief.[19]

Section 9.007, entitled "Limitation on Power of Court to Enforce," restricts the trial court's enforcement powers.[20] A trial court may not alter or change the substantive division of property in the divorce decree via an enforcement order:

> (a) A court may not amend, modify, alter, or change the division of property made or approved in the decree of divorce or annulment. An order to enforce the division is limited to an order to assist in the implementation of or to clarify the prior order and may not alter or change the substantive division of property.
>
> (b) An order under this section that amends, modifies, alters, or changes the actual, substantive division of property made or approved in a final decree of divorce or annulment is beyond the power of the divorce court and is unenforceable.[21]

---

[17] *Id.* § 9.006(a).

[18] *See id.* § 9.010(a) ("[T]he court may render a money judgment for the damages caused by that failure to comply.")

[19] *Id.* § 9.014.

[20] *Id.* § 9.007.

[21] *Id.* § 9.007(a)–(b).

7

The limitations on a trial court's power expressed in Section 9.007 are jurisdictional.[22] The language of the provision expressly limits the "power" of the trial court.[23] The word "power" generally implicates jurisdiction.[24] Further, we approved of a jurisdictional reading of Section 9.007 in *Pearson v. Fillingim*.[25] In *Pearson*, we observed that a trial court "retains jurisdiction to clarify and enforce the property division within that decree" but modification of the decree contrary to Section 9.007 is "beyond the power of the court."[26] Accordingly, we held the trial court "lacked jurisdiction to alter the original divorce decree."[27] We made a similar pronouncement in *Dalton v. Dalton*.[28]

Though we interpret Section 9.007 as limiting the jurisdiction of the trial court to *modify* the final decree, Sections 9.002 and 9.006

---

[22] *See Pearson v. Fillingim*, 332 S.W.3d 361, 363–64 (Tex. 2011); *Dalton v. Dalton*, 551 S.W.3d 126, 142 (Tex. 2018).

[23] Tex. Fam. Code § 9.007.

[24] *See, e.g.*, *Kazi*, 12 S.W.3d at 76 (characterizing subject matter jurisdiction as "a power" of a court); *In re D.S.*, 602 S.W.3d 504, 518–19 (Tex. 2020) (Lehrmann, J., concurring) ("When we speak of 'genuine subject-matter jurisdiction,' we speak of a court's 'power to decide the case.'" (citation omitted) (first quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 90 (1998); and then quoting *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 306 (Tex. 2010))).

[25] *See* 332 S.W.3d at 363–64.

[26] *Id.* at 363.

[27] *Id.* at 364.

[28] *See* 551 S.W.3d at 142 (quoting with approval *Gainous v. Gainous*, 219 S.W.3d 97, 108 (Tex. App.—Houston [1st Dist.] 2006, pet. denied) ("Accordingly, we hold that section 9.007 is jurisdictional and that orders violating its restrictions are void.")).

acknowledge the continuing jurisdiction of the trial court to *enforce* it.[29] Those provisions grant "power" to the trial court to "enforce the property division" and to "render further orders."[30] Read together, Subchapter A's provisions permit enforcement of a decree while protecting its finality against successive collateral attacks.

An issue arises when a court overreaches in attempting a permissible enforcement of the decree. Under Section 9.007, a trial court lacks jurisdiction to modify the substantive division of property but maintains jurisdiction to enforce that division. While limits exist as to what a court may do in the name of enforcement, those limits do not deprive the court of all power to enforce the decree as the court of appeals held.[31] Though "finality is uniquely important" in family law cases,[32] so too is the power to enforce the decree. When a trial court exceeds enforcement mechanisms available to it, it is those oversteps

---

[29] *See* Tex. Fam. Code §§ 9.002, .006; *Hagen v. Hagen*, 282 S.W.3d 899, 902 (Tex. 2009) ("The Family Code provides that trial courts may enter orders of enforcement and clarification to enforce or specify more precisely a decree's property division."); *Dalton*, 551 S.W.3d at 139 ("Subchapter A allows post-decree orders to enforce and effectuate the decree's property division . . . ."); *see also Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) ("The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments.").

[30] Tex. Fam. Code §§ 9.002, .006.

[31] *See Tex. Disposal Sys. Landfill*, 694 S.W.3d at 759 ("[W]e emphasized that 'the modern direction of policy is to reduce the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction.'" (quoting *Kazi*, 12 S.W.3d at 76)).

[32] *D.S.*, 602 S.W.3d at 512.

that are void and unenforceable.[33] The decree nonetheless remains subject to enforcement suits. A court that exceeds its power to enforce does not lose the continuing enforcement jurisdiction it otherwise possesses.[34]

Whether a trial court's order constitutes improper modification under Section 9.007 or permissible enforcement of the decree turns on the text of the decree and the scope of the relief afforded in the name of enforcement. In *Dalton*, for instance, the trial court entered a post-decree qualified domestic relations order granting one spouse an additional interest in the other's retirement accounts to account for arrears in support payments.[35] The divorce decree did not contemplate such an assignment.[36] We held the order void as a modification prohibited by Section 9.007.[37] Had the trial court awarded a money judgment or a lien in the amount of the arrearage, it would not have exceeded the scope of the trial court's continuing jurisdiction to enforce the decree, just as parties frequently sue to obtain a judgment and garnishment for child support arrearages. Instead, the court redivided

---

[33] Tex. Fam. Code § 9.007; *see Pearson*, 332 S.W.3d at 363–64 (holding that the trial court lacked jurisdiction to redivide assets previously allocated in the divorce decree but acknowledging that the trial court retained jurisdiction to clarify and enforce the decree).

[34] *See Herrera v. Mata*, 702 S.W.3d 538, 543 (Tex. 2024) ("[S]ubject matter jurisdiction is a claim-by-claim inquiry.").

[35] 551 S.W.3d at 132.

[36] *See id.* at 137.

[37] *Id.* at 142.

retirement accounts that had been divided in the decree, exceeding its enforcement jurisdiction.[38]

Deciding whether the trial court had jurisdiction to render the order in this case thus requires an examination of the property division provisions in the Morrisons' divorce decree.

**B**

Courts interpret divorce decrees as we do other judgments, construing the decree as a whole and giving effect to all provisions.[39] Pertinently, the Morrisons' decree allocates half of the proceeds from the marital residence to each spouse. The decree also accounts for the possibility of damage to the community estate before the assets are divided via an enforcement provision.

The enforcement provision is important in two respects. First, the parties agreed to a valuation method for damages caused by noncompliance, requiring a determination of the fair market value of damaged or missing property. In the event of damage or the failure to deliver property, "the fair market value of the property shall be assessed against that party." Second, the parties agreed to a specific enforcement mechanism for the collection of these damages beyond a bare money judgment. Such damages "shall be awarded to the other party, and *accounted for out of the proceeds from the sale of the marital residence.*"[40] The decree thus provides that damages can be awarded as a set-off of

---

[38] *Id.* at 132, 137.

[39] *Hagen*, 282 S.W.3d at 901 (citing *Shanks v. Treadway*, 110 S.W.3d 444, 447 (Tex. 2003)).

[40] Emphasis added.

the offending spouse's award of the proceeds from the sale of the marital residence, identifying an asset that a party may look to should the other fail to comply with the decree.[41]

The decree coheres with the Family Code and the trial court's enforcement powers. Rodney takes issue with the decree's language identifying the proceeds of the marital residence as an asset from which to collect damages resulting from breach of the decree. He argues that the provision amounts to a redivision of property because the decree already divided the proceeds from the sale of the marital home.[42] Section 9.007 explicitly prohibits a trial court from "amend[ing], modify[ing], alter[ing], or chang[ing] the division of property made or approved by the decree," and this Court has given effect to this prohibition.[43]

---

[41] The parties and the court of appeals characterize the provision as a liquidated damages provision. We disagree with this characterization. "Liquidated damages" is defined as "[a]n amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches." *Damages*, Black's Law Dictionary (12th ed. 2024). As written, the provision does not stipulate a specific amount to be paid upon breach. Rather, it provides a method for calculating damages and an asset such damages might be paid out of (the marital residence).

[42] Rodney also objects to the following language in the agreed-upon provision: "shall result in the award of damages (including a redistribution of cash or other assets)," arguing that it implies the trial court is empowered to redivide assets. We disagree. Taken in context, the quoted language broadly states what the provision aims to accomplish. The final two sentences of the provision specify the terms and mechanics, which do not redivide the property but instead identify an asset from which proven damages for breach of the decree may be deducted.

[43] Tex. Fam. Code § 9.007(b). *See, e.g.*, *Shanks*, 110 S.W.3d at 449; *Dalton*, 551 S.W.3d at 142; *Pearson*, 332 S.W.3d at 364.

But the enforcement provision in the parties' decree does not seek redivision. Instead, it provides a mechanism for the collection of damages resulting from breach of the decree. This is permissible under Chapter 9. Section 9.006 broadly grants trial courts the power to enter orders "to enforce the division of property."[44] Identifying an asset to collect from in the event of a breach is not a substantive modification of the original property division but rather a means for the parties to help enforce the decree's obligations governing the winding down of the marital estate.

The provision in this decree sets out a method for evaluating actual damages in harmony with the statute. Section 9.010(a) provides that "[i]f a party fails to comply with a decree of divorce or annulment and delivery of property awarded in the decree is no longer an adequate remedy, the court may render a money judgment for the damages caused by that failure to comply."[45] By calculating actual damages based on the fair market value of property lost or the loss in market value due to damage or delay, the decree effectuates Sections 9.006, 9.007, and 9.010, streamlining the process for winding down the marital estate.

The decree identifies particular obligations during a limited post-divorce window of time (here, until the completion of the sale of the assets) and identifies a method of valuing and awarding damages. It does not, as Rodney contends, confer jurisdiction to a trial court as the

---

[44] Tex. Fam. Code § 9.006(a).

[45] *Id.* § 9.010(a).

law forbids.[46] Nor does it cause the decree to be indefinitely interlocutory. Importantly, the provision links the amount awarded for enforcement to the damages resulting from the breach as Section 9.010(a) contemplates.[47]

## C

We turn to the trial court's enforcement order. The trial court awarded Debbie "an amount equivalent to 100% of the proceeds from the sale of the house" as damages for Rodney's noncompliance. In doing so, it found that Rodney's violations of the decree increased the cost of placing the marital residence and shop on the market, reduced their fair market value, and resulted in personal property being delivered to the receiver untimely and in a different condition than it was on the date of separation. The court did not, however, place a fair market value on the losses caused by violations of the decree. That is, the trial court made no findings of actual damages as both the decree and the Family Code require. The trial court misread the decree by shifting the entire proceeds from the sale of the residence to Debbie without determining the reduction in the fair market value to the community estate resulting from Rodney's violations of the decree. An "accounting for" that damage—as the decree provides—necessarily requires valuation of the damages and the amount by which it reduced Debbie's allocated share.

---

[46] *See Tex. Disposal Sys. Landfill*, 694 S.W.3d at 760 ("We have long held that parties cannot confer jurisdiction by agreement.").

[47] Tex. Fam. Code § 9.010(a).

Per the decree, that is the amount that the trial court may deduct from Rodney's share of the sales proceeds.[48]

Thus, the trial court's reallocation of Rodney's share of the proceeds from the sale of the home to Debbie without conducting a damages analysis for his noncompliance does not comport with the decree nor with Chapter 9. Both require that the amount awarded in an enforcement order result from violation of the decree.[49]

*　　*　　*

Because the trial court failed to determine the amount of damages resulting from breach of the decree, its award of the entirety of the proceeds from the sale of the marital home to the aggrieved spouse exceeded its enforcement authority. Nevertheless, the court of appeals erred in concluding that the error deprived the trial court of any jurisdiction to consider the motion to enforce and render a proper enforcement order. Accordingly, we reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Jane N. Bland
Justice

---

[48] The decree provides that "the fair market value of the property shall be assessed against that party (normal wear and tear and Act of God, excepted), and that amount shall be awarded to the other party, and accounted for out of the proceeds from the sale of the marital residence."

[49] *See* Tex. Fam. Code § 9.010(a).

**OPINION DELIVERED:** January 30, 2026